J-A19044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PEDRO J. CONTES | : | No. 243 MDA 2024 |

Appeal from the Order Entered January 16, 2024
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000583-2023

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

DISSENTING STATEMENT BY STEVENS, P.J.E.:   **FILED: FEBRUARY 14, 2025**

Law enforcement in this case spent months of surveillance and effort to keep illegal drugs off the streets, and the record supports reversing the suppression court. Accordingly, my review of the record does not support the Majority's conclusion that the suppression court's January 16, 2024 order suppressing the evidence against Appellee, Pedro J. Contes, should be affirmed. Thus, I respectfully dissent.

The record and the relevant caselaw does not support the suppression court's conclusion that "it was not inevitable that a search warrant would have been obtained and that the police would have found the contraband had [Appellee's] rights been properly accommodated." Suppression court opinion,

_____

[*] Former Justice specially assigned to the Superior Court.

1/16/24 at 3. It is well settled in this Commonwealth that evidence seized without a warrant will not be suppressed where the Commonwealth shows by a "preponderance of the evidence that the illegally obtained evidence ultimately or inevitably would have been discovered by lawful means[.]" ***Commonwealth v. King***, 259 A.3d 511, 522 (Pa.Super. 2021) (citation omitted); ***see also Commonwealth v. Burton***, 234 A.3d 824, 834 (Pa.Super. 2020) (stating, "evidence tainted by illegal police conduct such as an unlawful seizure nevertheless may be admitted into evidence if the evidence can be fairly regarded as having an origin independent of the unlawful conduct." (citation and parentheses omitted)), ***appeal denied***, 252 A.3d 234 (Pa. 2021).

In the case ***sub judice***, the record reflects that Appellee was the target of six-month-long criminal investigation into his suspected drug dealing from his residence. Notes of testimony, 12/20/23 at 35-36. Officer Mainiero, a narcotics officer and 11-year veteran of the Berwick Police Department, testified that he was personally involved in the investigation of Appellee for "drug deliveries" in the summer of 2023 and that Appellee's residence was under video surveillance during this period. ***Id.*** at 4-5. The record further reflects that during the course of this investigation, Appellee unknowingly engaged in the sale of narcotics to confidential informants ("CI") in two different controlled buys. ***Id.*** at 5-6, 36. Officer Mainiero also testified that on the morning of June 30, 2023, the day of the traffic stop at issue, he

personally observed via remote video Appellant engage in a "hand-to-hand" exchange with another individual on his rear porch which he opined was "a suspected drug sale." ***Id.*** at 5-6, 20, 37.  Officer Mainiero also indicted that this investigation was conducted in coordination with Pennsylvania State Police and DEA.  ***Id.*** at 6-7, 12.

Based upon the extensive surveillance of Appellee's residence, his prior sales of narcotics to CI, and Officer Maneiro's observation of what he believed to be a drug sale on the day Appellee was ultimately stopped, it is clear that the Commonwealth would have inevitably obtained a search warrant and discovered the contraband in Appellee's residence, irrespective of his incriminating statements to police or his consent to search.

Accordingly, I would find that the suppression court erred in granting Appellee's pre-trial suppression motion, reverse its January 16, 2024 order, and remand this case for trial.

Therefore, I respectfully dissent.